IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**KEYLA MATEO,**<br><br>**Defendant.** | **Case No. 19-CR-0040** |

## PLEA AGREEMENT

### I. PARTIES TO THE AGREEMENT

This agreement is entered into by and between the United States of America, by and through its counsel, Delia L. Smith, United States Attorney for the District of the Virgin Islands, and Evan Rikhye, Assistant United States Attorney, and defendant KEYLA MATEO (hereafter "Defendant") and Jose Olmo-Rodriguez, Esq., counsel for Defendant. This agreement specifically excludes and does not bind any other territorial, state or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant.

### II. TERMS

The parties agree to the following terms: Defendant will plead guilty to Count One of the Information. Count One charges a violation of 18 U.S.C. § 371, which carries the following maximum penalties:

1. sentence of five years in prison;

2. a term of supervised release of no more than three years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

3. a maximum fine of $250,000.00;

4. a special assessment of $100.00, under 18 U.S.C. § 3013 payable forthwith;

5. possible ineligibility for certain federal benefits; and

6. restitution under 18 U.S.C. §§ 3663 and 3663A.

b. On Count One of the Information, Defendant acknowledges that the United States can prove the following essential elements beyond a reasonable doubt:

*First:* That two or more persons agreed to commit an offense against the United States, as charged in the information, specifically, transportation of stolen good in interstate commerce that were valued in excess of $5,000.00.

*Second:* That Defendant was a party to or member of that agreement;

*Third:* That Defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States, and intending to join together with others to achieve that objective; and

*Fourth:* That at some time during the existence of the agreement or conspiracy, Defendant performed at least one overt act in order to further the objectives of the agreement.

c. Defendant is pleading guilty because Defendant is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, Defendant acknowledges that should the case go to trial, the United States could present evidence to prove the charge beyond a reasonable doubt. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable United States benefits and civil rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, removal, or other adverse immigration consequences; revocation of probation, parole,

or supervised release in another case; debarment from United States contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court. No one has threatened Defendant or Defendant's family to induce this guilty plea.

d. Factual Basis: Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime(s) to which Defendant is pleading guilty and admits that there is a factual basis for Defendant's guilty plea(s). The following facts are true and undisputed:

From on or about May 2, 2018, through on or about July 11, 2018, the Defendant participated with other persons in a conspiracy to transport in interstate commerce from St. Thomas, VI, to Bronx, NY, stolen goods, that is: cellular phones valued at $5,000.00 or more, knowing the same to have been stolen, converted and taken by fraud. As part of the conspiracy, a co-conspirator contacted cell phone carriers, including Sprint and AT&T, impersonating legitimate customers of said carriers in order to add cell phones, each valued at approximately $1,000.00, to the legitimate customers' accounts without their knowledge. Thereafter, Defendant and others arranged for the aforementioned cell phones to be mailed to St. Thomas, VI, to addresses under the control of co-conspirators. Co-conspirators would later mail packages of fraudulently obtained cell phones to New York where they were sold by the Defendant.

e. The United States Attorney for the District of the Virgin Islands agrees to dismiss any remaining charges with prejudice at the time of sentencing. Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against Defendant arising out of the same transaction or occurrences to which Defendant has pled.

f. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

g. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Removal and other immigration consequences is the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nonetheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant may

entail, even if the consequence is Defendant' automatic removal from the United States.

h. The United States represents that any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to defendant or to Defendant's counsel. The United States will continue to provide such information establishing the factual innocence of Defendant.

i. Defendant understands that if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses. In addition, if Defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty Defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

j. Defendant acknowledges, understands, and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform will constitute a material breach of this agreement. Defendant acknowledges, understands, and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

1. Failing to plead guilty pursuant to this agreement;
2. Withdrawing the guilty plea or attempting to withdraw the guilty plea;
3. Failing to fully accept responsibility as noted below;
4. Failing to appear in court;
5. Failing to abide by any lawful court order related to this case;
6. Appealing or collaterally attacking the sentence or conviction in violation of this plea agreement; or
7. Engaging in additional criminal conduct from the time of this plea until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement. In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States'spursuit of remedies for Defendant's breach.

k. **Provisions that Survive Any Material Breach by Defendant.** The United States may, in its sole discretion, excuse any material breach by Defendant. Defendant agrees that any statutes of limitations relating to any charge(s) that were dismissed, promised to be dismissed, or not filed as a result of this agreement, are tolled as of the date of this agreement. Defendant also waives any double jeopardy defense to such charges.

Defendant agrees that: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is/are the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant.

Defendant also knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that these statements or any evidence derived from those statements should be suppressed or are inadmissible.

The provisions of this section survive any material breach by Defendant, including a failure to plead guilty, regardless of whether the United States excuses the material breach.

## III. SENTENCING GUIDELINES

The parties understand and agree that the Defendant will be sentenced on Count One in accordance with the United States Sentencing Guidelines, which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties. The parties understand that the Court may impose any

sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.

The United States agrees to recommend a sentence based on the following Sentencing Guidelines calculations for Count One, based on a loss amount between $40,000.00 and $95,000.00:

| **GUIDELINES CALCULATION** | |
|---|---|
| GUIDELINE SECTION | OFFENSE LEVEL |
| Base Offense Level (§ 2B1.1(a)(2)) | +6 |
| Loss amount $40,000.00 and $95,000.00 (§ 2B1.1(b)(1)(D)) | +6 |
| Unauthorized Use of Means of Identification (§ 2B1.1(b)(11)(C)) | +2 |
| Ten (10) or more Victims (§ 2B1.1(b)(2)(A)(i)) | +2 |
| Sophisticated Means (§ 2B1.1(b)(10)(C)) | +2 |
| Receipt of Stolen Property and Defendant was in the Business of Receiving and Selling Stolen Property (§ 2B1.1(b)(4)) | +2 |
| Mitigating Role (§ 3B1.2)<br>Based on the defendant's role in the offense, decrease the offense level as follows:<br>a. If the defendant was a minimal participant in any criminal activity, decrease 4 levels;<br>b. If the defendant was a minor participant in any criminal activity, decrease by 2 levels.<br>In cases falling between (a) and (b), decrease by 3 levels. | -3 |

| **GUIDELINES CALCULATION** | |
|---|---|
| Acceptance of Responsibility[1] (§ 3E1.1) | -3 |
| **ADJUSTED OFFENSE LEVEL** | 14 |
| **GUIDELINE SENTENCING RANGE** | 15-21 Months |

a. Criminal History Category. The parties have no agreement as to Defendant's Criminal History Category ("CHC"), except that, if Defendant is determined to be a Career Offender, the parties agree that Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b). However, based upon the information currently in the parties' possession, the parties believe Defendant to be in CHC I.

b. Sentence Recommendation. The United States agrees to recommend a sentence in accordance with the guideline range as calculated above and based on the defendant's CHC. Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The United States will oppose any downward adjustments, departures, or variances not set forth in this plea agreement.

c. Fine Range. If the offense level is 14, the fine range is $7,500.00 to $75,000.00. USSG § 5E1.2(c)(3).

d. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least one but no more than three years. USSG § 5D1.2(a)(2).

e. Adjustments. No further adjustments shall apply.

---

1 The United States agrees to recommend that the defendant receive credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG § 3E1.1. Assuming the defendant does in fact accept responsibility, the United States agrees to also file a motion requesting that the defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (i) the Court determines that the total combined offense level is 16 or greater prior to the operation of USSG § 3E1.1; (ii) the defendant returns a signed copy of this plea agreement to the undersigned no later than **July 18, 2022**; and, (iii) the defendant thereafter actually enters a plea of guilty at the time scheduled.

f. Substantial Assistance. If the defendant agrees to provide substantial assistance in the investigation or prosecution of another person, as defined in Fed. R. Crim. P. 35, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this Plea Agreement and shall define the terms of such assistance or cooperation, if any.

## IV. FINANCIAL TERMS

a. Defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees that whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613.

b. Defendant agrees to fully disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein, which is incorporated into this Plea Agreement, by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in Defendant's economic circumstances, as described in 18 U.S.C. §§ 3572(d)(3) and 3664(k), within seven days of the event giving rise to the changed circumstances.

c. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him/her. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

d. Defendant agrees, prior to sentencing, to pay the Clerk of Court the sum of $100.00 which shall be held by the Clerk to satisfy whatever monetary penalties are imposed by the Court.

e. Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

## V. WAIVER

a. <u>At Sentencing</u>. If Defendant believes the United States' recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

b. <u>Waiver of Appeal.</u> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the concessions made by the United States in this plea agreement, Defendant expressly waives: (1) the right to appeal her conviction, any sentence within the maximum provided in the statute(s) of conviction, and the manner in which that sentence was determined, on any ground whatsoever; and (2) the right to file any collateral attack, or any other writ or motion, including but not limited to a motion under 28 U.S.C. § 2255, which challenges his conviction or the sentence imposed by the court. Nothing in the foregoing waiver of rights shall preclude Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.

## VI. VICTIM RESTITUTION

a. Defendant shall make full restitution in the amount determined by the Court at or before Defendant's sentencing hearing. All restitution required herein shall be due and payable at the time of sentencing unless otherwise ordered by the Court.

b. Defendant agrees that notwithstanding any payment schedule imposed by the Court, the United States may take any and all actions authorized by law to collect the maximum amount of restitution in the most expeditious manner available.

## VII. MISCELLANEOUS

a. No modification of this plea agreement shall be effective unless in writing signed by all parties.

b. By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

c. Defendant has consulted with defense counsel and is satisfied with counsel's representation.

DELIA L. SMITH
United States Attorney

Dated: 11/22/22 ______________________
Rhonda Williams-Henry
Deputy Criminal Chief

Dated: 11/28/22 ______________________
Evan Rikhye
Assistant United States Attorney

Dated: 11/14/22 ______________________
Jose R. Olmo Rodriguez, Esq.
Counsel for Defendant

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

**Dated:** 11/14/22 ______________________
**Keyla Mateo**
**Defendant**